ON MOTION TO CORRECT SCRIVENER’S ERROR
 

 PER CURIAM.
 

 We hereby grant appellant’s motion to correct scrivener’s error in our opinion issued May 4, 2011. The corrected opinion is as follows:
 

 Ydel Noel Castellanos (“the defendant”) appeals the denial of his Florida Criminal Rule of Procedure 3.800 motion for post-conviction relief. We reverse.
 

 In 1996, the defendant was convicted and sentenced to life in prison as a habitual felony offender. Two cases were used to qualify the defendant for habitual felony offender status: (1) a 1992 case in which adjudication was withheld and the defendant was placed on probation; and (2) a 1993 case which the defendant committed while on probation. The defendant accepted a global plea for violation of probation on the 1992 case and the new 1993 case, and the trial court sentenced him on both cases together. The defendant then filed a motion to correct illegal sentence, alleging the 1992 case was incorrectly used to qualify him as a habitual felony offender. The lower court denied the motion, and this appeal followed.
 

 On appeal, the defendant asserts that the trial court erred in denying the defendant’s motion because the record does not show two sequential prior felony convictions. The State contends that the trial court properly denied the defendant’s motion because the record shows two sequential prior felony convictions. We agree with the defendant.
 

 In 1996, a defendant could be classified as a habitual felony offender if he or she had previously been convicted of two or more felonies prior to the current offense. § 775.084(l)(a), Fla. Stat. (1996). The pri- or felony “must have resulted in a conviction sentenced separately prior to the current offense and sentenced separately from any other felony conviction that is to be counted as a prior felony.” § 775.084(5), Fla. Stat. (1996). Also, a sentence of probation without an adjudication of guilt could only be treated as a prior conviction “if the subsequent offense for which he is to be sentenced was committed during such probationary period.” § 775.084(2), Fla. Stat. (1996). Thus, a prior offense, for which the defendant received a withhold of adjudication and probation and had completed probation, could not be counted as a prior conviction.
 
 Wright v. State,
 
 691 So.2d 1140 (Fla. 1st DCA1997).
 

 Here, the 1992 case record shows that the defendant received a withhold of adjudication and completed his probation prior to committing the 1996 charges. The 1992 case, therefore, could not be counted as one of the two sequential prior felony convictions required to sentence the defendant as a habitual felony offender in 1996. Thus, the trial court erred in denying the defendant’s motion for postconviction relief.
 

 Accordingly, we reverse the order denying the defendant’s motion, and remand for further proceedings.
 

 Reversed and remanded.